UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                          Plaintiff,<br><br>v.<br><br>PEDRO DE JESUS BERNAL-COTA,<br><br>                                          Defendant. | Case No.:  21-CR-2274-TWR<br><br>**ORDER DENYING MOTION TO DISMISS THE INFORMATION** |

Pending before the Court is Defendant's motion to dismiss the information based on the ground that the immigration statute he is charged with violating – 8 U.S.C. Section 1326 – violates the equal protection guarantee of the Fifth Amendment under the standard articulated in *Village of Arlington Heights v. Metropolitan Housing Development Corp.,* 429 U.S. 252 (1977).  The Court finds that the rational basis test applies to Defendant's motion.  *See Hernandez-Mancilla v. Holder*, 633 F.3d 1182, 1185 (9th Cir. 2011) ("We review equal protection challenges to federal immigration laws under the rational basis standard and uphold them if they are 'rationally related to a legitimate government purpose.'") (quoting *Masnauskas v. Gonzales,* 432 F.3d 1067, 1071 (9th. Cir. 2005).[1]  The

---

[1]    Several district courts, including the Court in *United States v. Gustavo-Carrillo-Lopez,* Case No. 20-cr-00026-MMD-WGC, 2021 WL 3667330, at *3 (D. Nev. Aug. 18, 2021), have declined to apply the

1  Court further finds that Section 1326 satisfies the rational basis test because it is rationally
2  related to the legitimate government interest of deterring illegal reentry into the United
3  States.  *See United States v. Hernandez-Guerrerro*, 147 F.3d 1075, 1078 (9th Cir. 1998)
4  ("By threatening with criminal prosecution any alien found in the United States who has
5  previously been 'excluded, deported, or removed,' Congress sought in § 1326 to give teeth
6  to civil immigration statutes and to ensure compliance with civil deportation orders. . . . In
7  fact, it is plain that § 1326 is a necessary piece of the immigration-regulation framework;
8  without the threat of criminal prosecution that it provides, Congress's immigration-
9  regulation authority would be fatally undermined-all bark and no bite."); *cf. United States
10 v. Ruiz-Chairez* 493 F.3d 1089, 1091 (9th Cir. 2007) ("Because the illegal reentry statute
11 is a proper exercise of Congress's immigration power, and because § 2L1.2 properly
12 implements this congressional directive, we must conclude that the 16 level enhancement
13 under § 2L1.2 serves a legitimate government interest and has a rational basis.  The
14 enhancement serves the legitimate government interest of deterring illegal reentry by those
15 who have committed drug-related and violent crimes.") (citations omitted).  The
16 Defendant's motion to dismiss the information is therefore denied.

**IT IS SO ORDERED**.

DATED: 12/3/2021

*[signature: Todd Robinson]*

**HONORABLE TODD W. ROBINSON**
**United States District Judge**

---

rational basis test and have instead applied the *Arlington-Heights* standard to evaluate equal protection challenges to Section 1326.  *See United States v. Machic-Xiap,* Case No. 19-cr-407-SI, 2021 WL 3362738, at *10-16 (D. Or. Aug. 3, 2021); *United States v. Wence,* Case No. 30-cr-0027, 2021 WL 2463567, at *2-4 (D. V.I. Jun. 16, 2021).  However, the Court finds it significant that the orders in those cases failed to address the standard of review mandated by *Hernandez-Mancilla*.